UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.  15-61896-CIV-ZLOCH

PRZEMUSLAW MICHAEL LOTOCKI,

    Plaintiff,

v.

YURISLAY SILVA MOLINA,

    Defendant.
_____/

## DEFENDANT, YURISLAY SILVA MOLINA'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Respondent, YURISLAY SILVA MOLINA, by and through undersigned counsel, hereby files her Answer and Affirmative Defenses, and states as follows:

1.    Respondent denies that Petitioner is a resident of Spain any longer as he has moved to England, and therefore a "habitual residence" no longer exists and Respondent also denies that the Child was wrongfully removed from Spain and asserts that the Child was brought to Florida with the Petitioner's full consent, acquiescence, and assistance.  But Respondent does admit that in or about October 2013, she informed Petitioner that she no longer desired to be married to him and planned to remain in the United States with the Child.

2.    Respondent admits the allegations of paragraphs 2, 3, 4, and 5.

3.    Respondent admits the factual allegations in paragraph 6, but denies that the removal was wrongful in May 2012, as Petitioner was fully aware of and funded the move to Florida.

4.    Respondent admits the allegations in paragraphs 7 and 8.

5. With regard to the allegations of paragraph 9, Respondent admits that she took the Child to Canada (in May 2012, not 2011), but denies that she waited two weeks before calling Petitioner – as she only stayed in Canada for one day and went to Fort Lauderdale immediately to live with her relatives as had been planned with Petitioner, and Petitioner was called from the Fort Lauderdale airport when Respondent and the Child arrived safely.  It was part of the plan that Respondent would petition for Petitioner to be allowed to move to the United States, but during the separation Respondent had a change of mind/heart for a variety of reasons and did, in or about October 2013, inform Petitioner that she did not want to be married to him any longer and that she intended to stay in the United States with the Child.   Respondent denies that she told Petitioner that he should "give up any claim he had to his son."

6. Respondent is without knowledge of the allegations in paragraph 10.

7. Respondent denies the allegations of paragraph 11.

8. Respondent admits the allegations in paragraph 12.

9. Respondent is without knowledge of the allegations in paragraph 13.

10. Respondent denies the allegations of paragraphs 14, 15, 16 and 17.

11. Respondent admits the allegations in paragraphs 18 and 19.

12. With regard to the allegations in paragraph 20, Respondent admits that the Petition was filed more than one year from when the removal of the Child became without the consent of Petitioner, when Respondent advised him in or about October 2013 that she no longer desired to be married to Petitioner.  Respondent denies that Petitioner never consented or acquiesced to the Child moving to Florida with the Respondent.

13. Respondent denies the allegations of paragraphs 21, 22, 23, 24, and 25.

## **AFFIRMATIVE DEFENSES**

As her first affirmative defense, Respondent asserts that the Petition was filed more than a year after the removal of the Child became allegedly "wrongful" in or about October 2013 and that the Child is well-settled. *See* Convention, art. 12.

As her second affirmative defense, Respondent asserts that it was the settled intent of both the Petitioner and Respondent for the Child to abandon Spain as the Child's habitual residence when the Petitioner and Respondent planned and financed the May 2012 move to Florida, and therefore Spain is not the habitual residence of the Child (nor the Petitioner or the Respondent) and based, on the age of the Child when he arrived in Florida and the fact that a sufficient length of time has passed, the Child has become acclimatized in Florida.

As her third affirmative defense, Respondent asserts that Petitioner has abandoned Spain as his habitual residence and therefore jurisdiction no longer exists for this case without the existence of a habitual residence it would be improper to order the Child returned to Spain at this time and under the facts of this case.

As her fourth affirmative defense, Respondent asserts that Petitioner consented to the removal of the Child from Spain to Florida on a permanent basis.

WHEREFORE, Defendant, YURISLAY SILVA MOLINA, respectfully requests that relief requested in Plaintiff's Amended Complaint be denied and the Child not be ordered returned to Spain, that Defendant be awarded her attorney fees and expenses incurred in defending this action, and granting such other and further relief as the Court deems appropriate.

Dated this 25th day of March, 2016.

        **SHUTTS & BOWEN LLP**
*Counsel for Defendant*
PNC Center, Suite 2100
200 E. Broward Boulevard
Fort Lauderdale, Florida  33301
Telephone:  (954) 524-5505
Facsimile:   (954) 524-5506

By:*/s/ Edward J. O'Sheehan*_____
    EDWARD J. O'SHEEHAN
    Florida Bar No.: 0056790
    eosheehan@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer and Defenses has been sent by CM/ECF transmission to those parties registered to receive electronic notices of filing in this case and Michael B. Cohen, Esq., 6400 North Andrews Avenue, Ste. 505, Ft. Lauderdale, FL 33309 on this 25th day of March, 2016.

        */s/Edward J. O'Sheehan*
        Edward J. O'Sheehan

FTLDOCS 6976851 1